UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
MICHAEL PARKER,

                        Plaintiff,

    -v.-                                              9:06-CV-1268
                                                     (GLS)(DEP)

PEEK-CO, Corrections Officer,
    Coxsackie Correctional Facility;
ISRAEL RIVERA, Superintendent,
    Coxsackie Correctional Facility;
JOHN DOES, 8, Inmate,
    Coxsackie Correctional Facility,

                        Defendants.
------------------------------------------------------------------------

APPEARANCES:

MICHAEL PARKER
Plaintiff, *pro se*
00-A-6612

GARY L. SHARPE, U.S. DISTRICT JUDGE

# **ORDER**

      The Clerk has sent to the Court a civil rights complaint, together with an application to proceed *in forma pauperis*, filed by Plaintiff Michael Parker, who is currently incarcerated at Coxsackie Correctional Facility.

      In his *pro se* complaint, Plaintiff alleges that Defendant Peek-co denied Plaintiff his midday meal on April 26, 2006 and failed to protect

Plaintiff from Defendant Does[1] on May 2, 2006.  For a complete statement of Plaintiff's claims, reference is made to the entire complaint.

In his complaint, Plaintiff has sued an inmate at Coxsackie Correctional Facility.  However, parties may not be held liable under this section unless it can be established that they have acted under the color of state law.  *See, e.g., Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, No. 92-CV-4288, 1992 WL 380914 (S.D.N.Y., Dec. 10, 1992) (same) (citations omitted).  State action is an essential element of any § 1983 claim.  *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y. 1994)) (McAvoy, C.J.) (citation omitted)).  Defendant Does, as an inmate, is not a state actor.  Therefore, Defendant John Does is dismissed, with prejudice, as a Defendant to this lawsuit.

Additionally, Defendant Israel Rivera is dismissed, without prejudice, as a Defendant to this lawsuit.  Israel Rivera, the Superintendent of Coxsackie Correctional Facility, is listed as a Defendant on the caption of

---

[1] According to the Complaint, Defendant Does is an inmate in 8-cell.  See Dkt. No. 1, page 2.

the Complaint, however, no allegations are raised against Defendant Rivera in the complaint.  "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.' "  *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991)).  The personal involvement of a supervisory Defendant may be shown by evidence that:  (1) the Defendant participated directly in the alleged constitutional violation, (2) the Defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the Defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the Defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the Defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.  *Id.* (quoting *Williams v. Smith,* 781 F.2d 319, 323-24 (2d Cir.1986)).  Given that Plaintiff alleges no allegations against Defendant Rivera, this Court must dismiss him from the lawsuit without prejudice.

    As to Plaintiff's *in forma pauperis* application, after reviewing the

entire file, the Court finds that the Plaintiff may properly proceed with this matter *in forma pauperis*.

WHEREFORE, it is hereby

ORDERED, that Inmate John Does is dismissed, with prejudice, as a Defendant to this action, and it is further

ORDERED, that Superintendent Rivera is dismissed, without prejudice, as a Defendant to this action, and it is further

ORDERED, that Plaintiff's *in forma pauperis* application is granted.[2] The Clerk shall issue a summons and forward it, along with copies of the complaint, to the United States Marshal for service upon the remaining named Defendant. The Clerk shall forward a copy of the summons and complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Order, and it is further

ORDERED, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's authorization form, and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00

---

[2] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

pursuant to 28 U.S.C. § 1915, and it is further

ORDERED, that the Clerk provide a copy of Plaintiff's authorization form to the Financial Deputy, and it is further

ORDERED, that a response to Plaintiff's complaint be filed by the Defendant or his counsel as provided for in the Federal Rules of Civil Procedure after service of process on the Defendant, and it is further

ORDERED, that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action, including an original summons showing a complete title of this action, a civil cover sheet, sufficient copies of completed USM-285 forms and copies of

his complaint (along with any exhibits attached thereto) for service upon the Defendant.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do same will result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on the Plaintiff by regular mail.

IT IS SO ORDERED.

Dated:	November 20, 2006

_____
Gary L. Sharpe
U.S. District Judge