IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────────

MICHAEL PARKER,

               Plaintiff,

                                            Civil Action No.
    vs.                                      9:06-CV-1268 (GLS/DEP)

PEEK-CO, Corrections Officer, Coxsackie
Correctional Facility,

               Defendant.

─────────────────────────────────────────────

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

MICHAEL PARKER, *Pro Se*
61380
CNY Psychiatric Center
P.O. Box 300
Marcy, NY 13403

FOR DEFENDANT:

HON. ANDREW M. CUOMO        DAVID L. COCHRAN, ESQ.
Attorney General of the State
of New York
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    Plaintiff Michael Parker, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis,* has commenced this action pursuant to 42 U.S.C. § 1983 alleging deprivation of his civil rights. In his complaint, *inter alia*, plaintiff alleges that Corrections Officer Peek-co, the sole remaining defendant in the action, unlawfully placed him in keeplock confinement for one day and denied him two meals in the process, and on a separate occasion permitted another inmate to attack Parker, thereby failing to satisfy his constitutional obligation to protect the plaintiff from harm.[1] To remedy the violations, plaintiff's complaint seeks a variety of relief including an award of compensatory damages and an order directing that he be transferred to another prison facility.

Currently pending before the court is a motion by the defendant seeking the entry of summary judgment dismissing plaintiff's complaint. In his motion, defendant asserts that based upon the record now before the court no reasonable factfinder could conclude that plaintiff's constitutional rights were abridged. Having carefully reviewed the record now before the court in light of the arguments set forth in defendants' motion, which plaintiff has not opposed, I agree, and accordingly recommend that the relief now sought be granted.

---

[1] It appears from defendant's submissions that his name is Kevin Pecore. *See* Defendant's Memorandum (Dkt. No. 35-8) at p. 1; Defendant's Answer (Dkt. No. 18) at p. 1; *see also* Defendant's Acknowledgment of Service (Dkt. No. 6) at p. 2.

I.  BACKGROUND[2]

Plaintiff is a prison inmate entrusted to the care and custody of the New York State Department of Correctional Services ("DOCS"). *See generally* Complaint (Dkt. No. 1). At the times relevant to his claims, plaintiff was designated to the Coxsackie Correctional Facility, located in Coxsackie, New York. *Id.*

Plaintiff's complaint recounts two separate incidents. The first is said to have occurred on April 26, 2006, when the defendant is alleged to have placed Parker under keeplock confinement prior to receiving his mid-day meal and informed another corrections officer that the plaintiff had already received his food. Complaint (Dkt. No. 1) § 6. As a result of those circumstances, plaintiff went without his lunch.[3] *Id.* Plaintiff was released from keeplock confinement the following morning. Cochran Aff. (Dkt. No. 35-3) Exh. A at pp. 28-29.

The primary focus of plaintiff's complaint is on a second incident, which occurred on May 2, 2006. Complaint (Dkt. No. 1) § 6. On that

---

[2] In light of the procedural posture of the case the following recitation is drawn from the record now before the court, with all inferences drawn, and ambiguities resolved, in favor of the plaintiff. *See Wells-Williams v. Kingsboro Psychiatric Ctr.*, No. 03-CV-134, 2007 WL 1011545, at *2 (E.D.N.Y. Mar. 30, 2007) (citations omitted).

[3] Plaintiff's complaint alleges only the deprivation of his mid-day meal on April 26, 2006. Complaint (Dkt. No. 1) § 6. During his deposition, however, plaintiff appears to have expanded that claim to allege the denial of both lunch and dinner on that date. Cochran Aff. (Dkt. No. 35-3) Exh. A at pp. 28-29.

3

occasion, while a group of approximately thirty inmates including the plaintiff was being escorted by defendant Peek-co, another inmate asked the corrections officer whether he could fight Parker. *Id.; see also* Cochran Aff. (Dkt. No. 35-3) Exh. A at p. 13. Prior to the incident Parker had experienced no problems with the second inmate, and accordingly had not complained to defendant Peek-co or any other prison official that there was a problem between the two. Cochran Aff. (Dkt. No. 35-3) Exh. A at p. 14. After defendant Peek-co responded "go ahead", the inmate attacked Parker, and the defendant stood by for approximately one minute before breaking up the altercation. *Id.* at pp. 16-20. As a result of the incident, plaintiff sustained a bruise to his left ring finger, requiring medical attention which included administering ointment and a band-aid. *Id.* at pp. 23-24.

II.     PROCEDURAL HISTORY

Plaintiff commenced this action on October 19, 2006. Dkt. No. 1. Originally named as defendants in plaintiff's complaint were Corrections Officer Peek-co; Israel Rivera, the Superintendent at Coxsackie; and an additional defendant identified only as "John Does" and described as a

fellow inmate assigned to cell number eight.[4]  Plaintiff's complaint sets forth a claim under the Eighth Amendment to the United States Constitution, and seeks a variety of relief including compensatory damages in the amount of $50,000.  *See generally* Complaint (Dkt. No. 1).

Following the joinder of issue and completion of pretrial discovery, the defendant moved on May 30, 2008 for summary judgment dismissing plaintiff's claims, arguing that based upon the facts alleged and the record now before the court no reasonable factfinder could conclude that plaintiff's constitutional rights were violated.  Despite the passage of the deadline for doing so, plaintiff has failed to offer any submissions in opposition to defendant's motion, which is now ripe for determination and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

    A.   <u>Plaintiff's Failure to Oppose Defendants' Motion</u>

---

[4]  On November 20, 2006, following routine review of plaintiff's complaint and *in forma pauperis* application by District Judge Gary L. Sharpe, plaintiff's claims against defendant John Does were dismissed, with prejudice, based upon the lack of any allegation of the requisite state action necessary to support a section 1983 claim against that defendant.  Dkt. No. 4. Plaintiff's claims against defendant Rivera were also dismissed as a result of the issuance of that order, though without prejudice, based upon the plaintiff's failure to include any indication of his personal involvement in the constitutional violations alleged.  *Id.*

Defendants' summary judgment motion includes within it a declaration of service reflecting that on May 30, 2008 it was sent to the plaintiff at the Central New York Psychiatric Center, the address on file with the court at the time for the plaintiff. *See* Dkt. No. 35-9. Accompanying defendant's motion papers, in conformance with Northern District of New York Local Rule 56.2, was a notice advising plaintiff of the potential consequences associated with his failure to respond to the motion. Dkt. No. 35-2. Despite that admonition, plaintiff has failed to properly respond to defendant's motion. Before turning to the merits of plaintiff's claims, the court must therefore address, as a threshold matter, the legal significance, if any, of that failure, including whether it automatically entitles the defendant to dismissal of plaintiff's claims against him based upon his motion.

This court's rules provide that

> [w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.D.N.Y.L.R. 7.1(b)(3). Undeniably, *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions. *See*

*Jemzura v. Public Serv. Comm'n,* 961 F. Supp. 406, 415 (N.D.N.Y. 1997) (McAvoy, C.J.).  Despite this measure of deference, the failure of an unrepresented plaintiff to oppose a summary judgment motion does not preclude the court from deciding the motion.  *Robinson v. Delgado*, No. 96-CV-169, 1998 WL 278264, at *2 (N.D.N.Y. May 22, 1998) (Pooler, J. & Hurd, M.J.); *Cotto v. Senkowski*, No. 95-CV-1733, 1997 WL 665551, at *1 (N.D.N.Y. Oct. 23, 1997) (Pooler, J. & Hurd, M.J.); *Wilmer v. Torian*, 980 F. Supp. 106, 106-07 (N.D.N.Y. 1997) (Pooler, J. & Hurd, M.J.).  As can be seen by the face of Local Rule 7.1(b)(3), however, before summary judgment can be granted under such circumstances the court must review the motion to determine whether it is facially meritorious.  *See Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 231-32 (N.D.N.Y. 2000) (Scullin, C.J.); *Leach v. Dufrain*, 103 F. Supp. 2d 542, 545-46 (N.D.N.Y. 2000) (Kahn, J.).

While a plaintiff's failure to properly oppose a defendant's motion does not assure that the motion, however lacking in merit, will be granted, that failure is not without consequences.  By opting not to submit papers in opposition to their motion, plaintiff has left the facts set forth in defendant's Local Rule 7.1(a)(3) Statement unchallenged.  Courts in this district have routinely invoked Local Rule 7.1(a)(3) and its predecessor,

7

Local Rule 7.1(f), deeming facts set forth in a statement of material facts not in dispute to have been admitted based upon an opposing party's failure to properly respond to that statement.[5]  *See, e.g., Elgamil v. Syracuse Univ.*, No. 99-CV-611, 2000 WL 1264122, at *1 (N.D.N.Y. Aug. 22, 2000) (McCurn, S.J.) (listing cases); *see also Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing district courts' discretion to adopt local rules like 7.1(a)(3)).  I recommend that when reviewing defendant's motion for facial sufficiency, the court follow this well-established practice and, notwithstanding plaintiff's *pro se* status, accept the defendant's assertion of facts as set forth in his Local Rule 7.1(a)(3) Statement as uncontroverted, in light of plaintiff's failure to respond to that statement.

B.   Summary Judgment Standard

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  Under that provision, summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R.

---

[5]   According to Local Rule 7.1(a)(3), "[t]he Court shall deem admitted any facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert."  *See* N.D.N.Y.L.R. 7.1(a)(3).

Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); *Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004). A fact is "material", for purposes of this inquiry, if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*). A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. Though *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, they must establish more than mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *but see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (noting the obligation of a court to consider whether a *pro se* plaintiff understood the nature of the summary judgment process).

When summary judgment is sought, the moving party bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue;

9

the failure to meet this burden warrants denial of the motion. *Anderson*, 477 U.S. at 250 n.4, 106 S. Ct. at 2511 n.4; *Security Ins.*, 391 F.3d at 83. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511.

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences from the facts, in a light most favorable to the nonmoving party. *Jeffreys*, 426 F.3d at 553; *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). The entry of summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); *see also Anderson,* 477 U.S. at 250, 106 S. Ct. at 2511 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

    C.    <u>Plaintiff's Claims Related to the April 26, 2006 Incident</u>

The precise nature of plaintiff's claims stemming from the incident occurring on April 26, 2006 is unclear. Plaintiff appears to assert that as a result of his actions on that date, the defendant violated his rights under

the Eighth Amendment, which guarantees freedom from cruel and unusual punishment. The Eighth Amendment's prohibition of cruel and unusual punishment encompasses punishments that involve the "unnecessary and wanton infliction of pain" and are incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102, 104, 97 S. Ct. 285, 290, 291 (1976); *see also Whitley v. Albers,* 475 U.S. 312, 319, 106 S. Ct. 1076, 1084 (1986) (citing, *inter alia, Estelle*). While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement; thus the conditions of an inmate's confinement are subject to Eighth Amendment scrutiny. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400 (1981)).

It is well established, however, that placement in keeplock confinement under the conditions normally associated with that status does not violate an inmate's Eighth Amendment rights.[6] *See, e.g., Gill v.*

---

[6] Keeplock is a form of confinement restricting an inmate to his or her cell, separating the inmate from others, and depriving him or her of participation in normal prison activities. *Gittens v. LeFevre*, 891 F.2d 38, 39 (2d Cir. 1989); *Warburton v. Goord*, 14 F. Supp.2d 289, 293 (W.D.N.Y. 1998) (citing *Gittens*); *Tinsley v. Greene,* No. 95-CV-1765, 1997 WL 160124, at *2 n. 2 (N.D.N.Y. Mar. 31, 1997) (Pooler, D.J. & Homer, M.J.) (citing, *inter alia, Green v. Bauvi*, 46 F.3d 189, 192 (2d Cir. 1995)).

*Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003). While plaintiff alleges that he was deprived of two meals on that date as a result of the defendant's actions, such a deprivation, while not to be condoned, is *de minimis* and does not rise to a level of constitutional significance. *Cagle v. Perry*, No. 9:04-CV-1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (McAvoy, S.J. and Lowe, M.J.) (deprivation of two meals is "not sufficiently numerous, prolonged or severe to rise to the level of an Eighth Amendment violation.") (citation omitted); *see also Cruz v. Church*, No. 9:05-CV-1067, 2008 WL 4891165, at *2 (N.D.N.Y. Nov. 10, 2008) (Suddaby, J. and Peebles, M.J.). Accordingly, since plaintiff has failed to allege that he experienced any conditions departing from the ordinary incidents of keeplock confinement other than the fact that he missed two meals, he has failed to state a cognizable claim under the Eighth Amendment.

      Although not referencing the Fourteenth Amendment, when

---

Inmate conditions while keeplocked are substantially the same as in the general population. *Lee v. Coughlin*, 26 F. Supp.2d 615, 628 (S.D.N.Y. 1998). While on keeplock confinement an inmate is confined to his or her general population cell for twenty-three hours a day, with one hour for exercise. *Id.* Keeplocked inmates can leave their cells for showers, visits, medical exams and counseling, and can have cell study, books and periodicals, *Id.* The primary difference between keeplock and the general population confinement conditions is that keeplocked inmates do not leave their cells for out-of-cell programs, and are usually allowed less time out of their cells on the weekends. *Id.*

generously construed, plaintiff's complaint could be considered as asserting that by placing him in keeplock confinement defendant Peek-co deprived him of a liberty interest without affording him procedural due process. It is well-established, however, that such a temporary period of keeplock confinement is insufficient to implicate a liberty interest deprivation and thereby trigger the procedural due process requirements of the Fourteenth Amendment. *See McCann v. Coughlin*, 698 F.2d 112, 121 (2d Cir. 1983); *see also Jermosen v. Coughlin*, No. CIV-81-949E, 1990 WL 154767, at *1-2 (W.D.N.Y. Sept. 28, 1990).

In sum, the record discloses no evidence from which a reasonable factfinder could determine that plaintiff experienced a deprivation of constitutional proportions growing out of the events occurring on April 26, 2006.

D.   Plaintiff's Claims Related to the May 2, 2006 Incident

The centerpiece of plaintiff's complaint is the incident which occurred on May 2, 2006. Plaintiff maintains that by his actions on that date defendant Peek-co failed to fulfill his constitutional duty to protect Parker from harm.

Unquestionably, both the Eighth and Fourteenth Amendments to the United States Constitution require that prison officials take reasonable

measures to guarantee the safety of inmates. This duty includes within it an obligation to protect prisoners from harm caused by fellow inmates. *Farmer v. Brennan*, 511 U.S. 825, 833-34, 114 S. Ct. 1970, 1976-77 (1994) (citations omitted); *see also Matthews v. Armitage*, 36 F. Supp. 2d 121, 124 (N.D.N.Y. 1999) (Homer, M.J.) (citing, *inter alia*, *Farmer*). When examining a failure to protect claim, a court must determine whether the inmate has demonstrated that 1) he or she was incarcerated under conditions posing a substantial risk of serious harm, and that 2) prison officials exhibited deliberate indifference to the inmate's plight. *Farmer*, 511 U.S. at 834, 837, 114 S. Ct. at 1977, 1979; *Matthews*, 36 F. Supp. 2d at 124-25; *Coronado v. Lefevre*, 886 F. Supp. 220, 224 (N.D.N.Y. 1995) (Scullin, J.). As can be seen, this analysis entails both objective and subjective inquiries.

### 1. Objective Test

In objective terms, a plaintiff must prove that an alleged deprivation is "sufficiently serious" such that it denied him or her the "minimal civilized measure of life's necessities." *Dawes v. Walker*, 239 F.3d 489, 493-94 (2nd Cir. 2001) (quotations and citations omitted), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002). In situations where an inmate's safety is at issue, that person

14

must demonstrate that he or she was incarcerated under conditions posing a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 837, 114 S. Ct. at 1977, 1979; *Dawes*, 239 F.3d at 493; *Matthews*, 36 F. Supp. 2d at 124-25.

### 2. Subjective Test

To demonstrate that a defendant was deliberately indifferent to his or her plight, a plaintiff must also show that prison officials actually knew of, but disregarded, an excessive risk to his or her health and safety – "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979; *Matthews*, 36 F. Supp. 2d at 124-25.

Addressing first the subjective element, in his motion defendant Peek-co asserts that by plaintiff's own admission he had no knowledge of any interaction between Parker and the inmate who attacked him prior to the incident, nor did he have any reason to perceive that plaintiff was exposed to a risk of serious harm at the hands of that fellow inmate. As the defendant points out, moreover, once the altercation commenced Peek-co undertook reasonably prompt measures to end the fight. Defendant maintains that under these circumstances the subjective

element of the requisite test has not been met.

While the foregoing facts do not appear to be controverted, the record, interpreted in a light most favorable to the plaintiff, further reveals that defendant Peek-co was asked by the fellow inmate, in essence, whether he could attack Parker, to which Peek-co responded in the affirmative. Complaint (Dkt. No. 1) § 6; Cochran Aff. (Dkt. No. 35-3) Exh. A at pp. 13-20, 23. From this fact, if proven, a reasonable factfinder could conclude that subjectively speaking, at that point defendant Peek-co either perceived, or reasonably should have appreciated, a risk of harm to the plaintiff.

The more difficult question is presented with regard to the extent of the risk to which the plaintiff was exposed. In order to meet this element the plaintiff must establish that he was incarcerated under conditions imposing a substantial risk of serious harm. *Farmer,* 511 U.S. at 834, 837, 114 S. Ct. at 1977, 1979. To sustain a failure to protect claim under this standard, an inmate must establish that he or she suffered actual injury. *Newman v. Duncan*, No. 04-CV-395, 2007 WL 2847304, at *5 (N.D.N.Y. Sept. 26, 2007) (McAvoy, S.J. and Homer, M.J.) (citations omitted). While it is true that the plaintiff in this case did sustain an injury as a result of the fight, it was *de minimis*, requiring only the administering

16

of ointment and a band-aid. Cockran Aff. (Dkt. No. 35-3) Exh. A at p. 23. Under these circumstances, plaintiff's injury was sufficiently *de minimis* as to negate a finding that he was exposed by the defendant to a substantial risk of serious harm. *See Moore v. McGinnis*, No. 01-CV-6588, 2004 WL 2958471, at *2, 9 (W.D.N.Y. Dec. 20, 2004).

IV.   SUMMARY AND RECOMMENDATION

Plaintiff's complaint asserts claims based upon two separate incidents, occurring approximately one week apart. Neither of those incidents, however, arises to a level of constitutional significance. Instead, both represent deprivations or circumstances which, while not necessarily to be tolerated, are *de minimis* from a constitutional point of view and are thus insufficient to establish a civil rights deprivation. Accordingly, it is hereby respectfully

RECOMMENDED, that defendant's motion for summary judgment (Dkt. No. 35) be GRANTED, and that plaintiff's complaint be DISMISSED in all respects.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the clerk of the court within TEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:      December 29, 2008
            Syracuse, NY